UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - -

**PBnJ Baby, Inc.,**

    Plaintiff,

        v.                                                      Case No.:

**Copia Partners, LLC**,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT AND DEMAND FOR**
**<u>JURY TRIAL, INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff PBnJ Baby, Inc., by and through its attorneys, brings this Complaint against Defendant, Copia Partners, LLC ("Copia" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.* and Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*

**PARTIES**

2.    Plaintiff PBnJ Baby, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business at 104 Kings Drive, Rotunda, Florida 33947.

3.    Upon information and belief, Defendant Copia Partners, LLC is a limited liability company organized under the laws of the State of Arkansas with a principal place of business at 5000 SW Screech Owl St., Bentonville, AR 72712-8452.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant is subject to the general and specific jurisdiction in the State of Florida. Defendant has established minimum contacts with this judicial district. Upon information and belief, Defendant is doing business in the State of Florida, including manufacturing, selling, and/or offering to sell products in this judicial district. Defendant's actions constitute patent and trade dress infringement in this judicial district in violation of 35 U.S.C. § 271 and 15 U.S.C. § 43 and place infringing products into the stream of commerce, with the knowledge and understanding that such products are sold in this judicial district. The acts by Defendant cause injury to Plaintiff and have occurred within this judicial district.

6. Venue is proper in this judicial district pursuant to 24 U.S.C. §§ 1391 and 1400 and because Defendant transacts business within this judicial district and offers for sale in this judicial district products that infringe the '965 Patent as well as Plaintiff's trade dress.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. D752,965

7. Plaintiff reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

8. In 2013, Michael Blaney, Plaintiff's General Manager, completed and began marketing a unique ornamental design for a pacifier clip device. The design is most commonly used to fasten children's pacifiers to objects such as clothing, car seats, strollers, high chairs, etc.

9. On January 9, 2013, an application for a United States Letters Patent was filed with the United States Patent and Trademark Office (USPTO) to protect this ornamental design.

10. Since 2013, Plaintiff has been successfully marketing and selling the pacifier clip device incorporating its ornamental design.

11. On April 5, 2016, the United States Patent and Trademark Office duly and legally issued the '965 Patent entitled "Tethered Clip". A true and correct copy of the '965 Patent is attached hereto as **Exhibit A**.

12. Plaintiff is the owner of all right, title, and interest in the '965 Patent.

13. Plaintiff recently became aware that Defendant is marketing a pacifier clip device that infringes the '965 Patent (the "accused products"). Photographs of the accused product sold by Defendant are attached as **Exhibit B**.

14. Upon information and belief, Defendant became aware of the success of Plaintiff PBnJ Baby's "Paci Holder" product covered by the '965 Patent and copied the same. A copy of the product covered by the '965 Patent is attached as **Exhibit C**, and comparison photographs of Plaintiff's product with Defendant's product are attached as **Exhibit D**.

15. Upon information and belief, Defendant manufactures or has manufactured for it and sells the accused products to customers.

16. Upon information and belief, Defendant had knowledge that the accused products are an infringement of the '965 Patent and has willfully made and sold the accused products.

17. Defendant has infringed and is still infringing the '965 Patent by making, using, and selling the accused products.

18. Defendant's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits, a reasonable royalty award, disgorgement of the profits received by Defendant, treble damages,

costs, pre- and post-judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief as this Court deems just and proper.

### COUNT 2 – INFRINGEMENT OF TRADE DRESS AND UNFAIR COMPETITION

19. Plaintiff reasserts and incorporates paragraphs 1-18 of this Complaint as if fully set forth herein.

20. Plaintiff's device, sold through its "Paci Holder" product has also consistently had the same visual appearance and overall look and feel since 2013.

21. Specifically, Plaintiff's trade dress includes the design of the clip, which has a unique decorative shape.

22. Plaintiff's trade dress pertaining to the clip is not functional, as there are many different looks that a clip for Plaintiff's device could have.

23. Historically, competitor products (other than those of Defendant) have not contained a clip that looks at all similar in shape and design to Plaintiff's clip.

24. Due to the over four years of continuous use of the same visual appearance and overall look and feel, the trade dress at issue is distinctive and has acquired secondary meaning such that the public associates the distinctive look of Plaintiff's button and platform with Plaintiff.

25. Defendant's product is identical and/or confusingly similar to Plaintiff's trade dress such that it is likely to cause confusion of the consuming public as to the source and origin of the goods or as to affiliation or sponsorship of the goods.

26. Defendant has, by virtue of its above-described acts, infringed upon Plaintiff's common law rights in its trade dress and is competing unfairly with Plaintiff by falsely

4

designating Defendant's services and products as originating with Plaintiff or with a concern legitimately connected with Plaintiff in violation of 15 U.S.C. § 1125.

27. Defendant's above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, with the knowledge that its above-described trade dress is intended to be used to cause confusion, or to cause mistake, or to deceive.

28. Defendant's above-described acts of infringement and unfair competition have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violating Plaintiff's trade dress rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. Plaintiff has no adequate remedy at law.

29. As a result of the above-described intentional and deliberate infringement of Plaintiff's trade dress rights and unfair competition by Defendant, Plaintiff is entitled to an injunction and an award of Defendant's profits, up to three (3) times any damages sustained by Plaintiff, costs of this action, and attorneys' fees, all as set forth in 15 U.S.C. §§ 1116 and 1117, subject to the discretion of this Court.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests the Court to grant the following relief:

A. A judgment that Defendant has infringed the '965 Patent and Plaintiff's trade dress;

B.   A permanent injunction prohibiting Defendant, its predecessors, successors, parents, subsidiaries, and affiliates thereof, including, but not limited to, all past or present directors, officers, agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them who receive actual notice of the Order, from committing further acts of patent and trade dress infringement and unfairly competing with Plaintiff in any manner whatsoever in connection with the operation of its business, and from continuing to operate its business in any manner tending to confuse or deceive the public into believing that its business is in any way connection with, sponsored by, or affiliated with Plaintiff;

C.   An award of damages to Plaintiff, including under both the Patent Act and Lanham Act, an increase in damages, together with pre-judgment interest from the date the infringement began and post-judgment interest;

D.   A declaration that Defendant has willfully infringed the '965 Patent and Plaintiff's trade dress;

E.   An accounting of Defendant's wrongfully derived profits and an order that the same be paid over to Plaintiff;

F.   Restitution to Plaintiff of any and all money Defendant has acquired by means of unfair competition;

G.   Interest on such profits and damages at the highest rate allowed by law;

H.   Costs of this action;

I.   Attorneys' fees; and

J.   Such other and further relief as this Court deems proper and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Dated:  April 4, 2017

Respectfully submitted,

/s/ Mindi M. Richter
Douglas A. Cherry, Esquire
Florida Bar No. 0333130
dcherry@slk-law.com
Shumaker, Loop & Kendrick, LLP
240 South Pineapple Avenue
10th Floor
Sarasota, Florida 34236
Telephone: (941) 366-6660
Facsimile: (941) 366-3999

Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.:  (813) 229-1660

*Attorneys for Plaintiff*